IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RAPHAEL F. NEVINS,**

      **Plaintiff,**

                                                   **No. CIV-96-1387 BB/RLP**

**vs.**

**MCKINLEY CAPITAL MANAGEMENT, INC.,**
**an Alaska corporation, et al.,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

      The present action is before this Court on remand from the United States Court of Appeals for the Tenth Circuit. There are two issues before the Court: one arising out of the Tenth Circuit's unpublished opinion of October 13, 1999 (Doc. 51), and one arising out of the Tenth Circuit's order of March 30, 2000 (Doc. 53). The 1999 opinion requires this Court to separately state whether the Rule 11 sanctions requested by Defendant Sippel and Defendant Shartsis Friese & Ginsburg, LLP ("Lawyers") should be granted or denied, and to state the reasons for so deciding. The 2000 order requires this Court to determine reasonable attorney fees, to be awarded to Lawyers as a sanction for Plaintiff's frivolous appeal of the Court's dismissal of Lawyers from this case. The parties are familiar with the facts and procedural history of this case, and there is no need to recite them. After reviewing the submissions of the parties and the applicable law, the Court again declines to impose the Rule 11 sanctions requested by

Lawyers.  The Court awards $23,621 as reasonable attorney fees arising out of Plaintiff's appeal of the dismissal of Lawyers from this case.

**Rule 11 Sanctions:**  The Court refused to grant Rule 11 sanctions with respect to the McKinley Capital Defendants because Plaintiff's "general presence in New Mexico" argument was not frivolous, although more careful research would have likely led Plaintiff to the Court's conclusion that it was contrary to Tenth Circuit and New Mexico law.  McKinley Capital did have sufficient general contacts with New Mexico to make it arguable that exerting jurisdiction over that entity would not offend due process principles.  The situation is somewhat different regarding Lawyers, because the law firm had no presence at all in New Mexico.  Plaintiff's main argument at the hearing on the motions to dismiss was that Lawyers represented him, and committed acts in New Mexico by refusing to contact him once he moved here.  This Court again rejects such a "portable due process" concept and finds it frivolous.  As the Court stated at the hearing on the motions to dismiss, this theory would allow Plaintiff to move to any state in the country and then file a lawsuit against Lawyers in that state.

Plaintiff's alternative argument was not clearly explained at the hearing, but was alluded to in a somewhat veiled manner.  In essence, Plaintiff argues that Lawyers were an integral part of the scheme to cut Plaintiff out of the deal and use his ideas without compensating him.  As such, he maintains they acted as more than simply attorneys for McKinley Capital, but became fellow conspirators.  The next logical step of the argument, which Plaintiff did not argue at the hearing but expands in his latest brief, is that the general contacts of McKinley Capital with New Mexico can be imputed to Lawyers, because contacts of one co-conspirator are attributed to all co-conspirators.  This argument finds support in existing New Mexico law.  *See Santa Fe Technologies v. Argus Networks*, 42 P.3d 1221, 1233-34 (N.M.App. 2001) (holding that contacts

of one conspirator are attributable to others, and pointing out that Supreme Court "alluded to" such a jurisdictional argument in *Sanchez v. Church of Scientology*, 857 P.2d 771, 774 (N.M. 1993)).  Even though Plaintiff did not specifically mention the word "conspiracy" at the hearing, his contention that Lawyers "actively participated in a constructive fraud that was perpetrated against Nevins" is basically an argument that all Defendants participated in concerted action for purposes of personal jurisdiction.  That argument, while not meritorious in this case given the lack of jurisdiction over any Defendant, is not completely frivolous.  The Court therefore sees no reason to decide Lawyers' request for Rule 11 sanctions differently than the request of the other Defendants.  The request for sanctions will again be denied.

**Reasonable Attorney Fees for Frivolous Appeal:**  The Tenth Circuit has determined that Plaintiff's appeal of the Court's dismissal of Lawyers from the case was frivolous, although the Circuit declined to make such a finding with respect to the other Defendants.[1]  The Court must therefore determine an amount of "reasonable" attorney fees to award Lawyers, based on the fact they were required to respond to Plaintiff's frivolous appeal.  Lawyers submitted evidence indicating they incurred actual attorney's fees in the amount of $23,621, and request an award in that amount.  At the recent hearing held in this case, counsel for Plaintiff did not contest the reasonableness of this amount.  The Court will therefore award reasonable attorney's fees in the amount of $23,621.

---

[1] Plaintiff appears to contest the determination that the appeal was frivolous with respect to Lawyers.  Plaintiff argues that he was required to appeal as to both Lawyers and the other Defendants, due to the close ties between all Defendants and the joint participation of Lawyers in the alleged wrongful acts.  He does not argue this as a basis to allocate fees, but rather as an argument that no part of the appeal was frivolous.  This Court, however, cannot re-visit the Tenth Circuit's determination that the appeal as to Lawyers was frivolous.  *See Ute Indian Tribe v. Utah*, 114 F.3d 1513, 1520 (10th Cir.1997) (district court must comply strictly with the mandate rendered by the reviewing court).

The final question is whether the award of reasonable fees should be assessed against Plaintiff alone or against Plaintiff and his counsel.  Counsel for Plaintiff states that the Tenth Circuit's order concerns only the issue of fees to be assessed against Plaintiff, and that counsel's liability for such fees is not at issue.  However, the Tenth Circuit's order of November 15, 1999 requires "[a]ppellant and his counsel" to show cause why sanctions should not be imposed for filing a frivolous appeal.  (Exh. 2 to Lawyers' opening brief).  The follow-up order grants attorney fees "as a sanction for a frivolous appeal..."  (Doc. 53).  It therefore appears that the order granting fees applies to both Plaintiff and his counsel, and this Court is bound by that order.[2]  Given the Tenth Circuit's mandate, the Court must assign equal responsibility for the fees to Plaintiff and to counsel, and hold them jointly and severally liable for the fees.  *See Top Entertainment, Inc. v. Ortega*, 285 F.3d 115 (1st Cir. 2002) (attorneys may be held jointly and severally liable under Rule 38, for fees awarded due to frivolous appeal).

## ORDER

Based on the foregoing, the Court orders as follows:  Rule 11 sanctions will not be imposed upon Plaintiff's counsel, for the reasons stated above; and reasonable attorney fees in the amount of $23,621 are awarded to Lawyers, with Plaintiff and his counsel being jointly and severally liable for the same.

Dated this 27th day of January, 2003.

                                                                                           */s/ Bruce D. Black*
                                                                                 UNITED STATES DISTRICT JUDGE

---

[2] This is in line with Tenth Circuit precedent, which authorizes imposition of frivolous-appeal sanctions on both the client and counsel.  *See Braley v. Campbell*, 832 F.2d 1504, 1511 (10th Cir. 1987).

4

**Attorneys:**

**For Plaintiff**
Chris Lucero
Reginald Garcia

**For Defendants**
David A. Rammelkamp
Shari L. Sterud